UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BALDOR SPECIALTY FOODS, INC., | Case No. 20-cv-5272 |
| Plaintiff, | **COMPLAINT** |
| - against - | |
| DONALD A. BAXTER, JOSE K. LOPEZ-GALLEGO, AMANDA P. MORGANSTERN and GREGORY L. GROSSMAN, | |
| Defendants. | |

     Plaintiff, Baldor Specialty Foods, Inc. ("Baldor"), by and through undersigned counsel, as and for its complaint against defendants, Donald A. Baxter ("Baxter"), Jose K. Lopez-Gallego ("Gallego"), Amanda P. Morganstern ("Morganstern") and Gregory L. Grossman ("Grossman") (Baxter, Gallego, Morganstern and Grossman collectively, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

    1.    Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "PACA") and 28 U.S.C. § 1331.

    2.    Venue in this district is based on 28 U.S.C. § 1391 in that some of the Defendants reside in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## PARTIES

    3.    Plaintiff, Baldor Specialty Foods, Inc., is a New York corporation with its principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of fresh fruits and fresh vegetables ("Produce") in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4.      Defendant Baxter was at all relevant times an officer, director and/or equity holder of High Quality Nutrition Co., LLC d/b/a Kettlebell Kitchen ("Kettlebell"), a Delaware limited liability company headquartered in Brooklyn, New York, during the period of time in question who controlled the operations of Kettlebell and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

5.      Defendant Gallego was at all relevant times an officer, director and/or equity holder of Kettlebell during the period of time in question who controlled the operations of Kettlebell and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

6.      Defendant Morganstern was at all relevant times an officer, director and/or equity holder of Kettlebell during the period of time in question who controlled the operations of Kettlebell and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

7.      Defendant Grossman was at all relevant times an officer, director and/or equity holder of Kettlebell during the period of time in question who controlled the operations of Kettlebell and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

8.      This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

9.      Between September 17, 2019 and November 2, 2019, Plaintiff sold and delivered to Kettlebell and Defendants wholesale quantities of Produce and other goods that had been shipped in interstate commerce or contemplation thereof worth $94,832.53 (the "Transactions"), of which $77,835.00 was for Produce.

10.     Prior to the Transactions, Kettlebell received or contracted to receive Produce totaling 2,000 pounds or more in weight in a single day.

11. Prior to the Transactions, the invoice cost of Produce purchased by Kettlebell exceeded $230,000.00.

12. Defendants failed to cause Kettlebell to pay for the Produce sold to Kettlebell when payment was due, despite repeated demands, and presently owe Plaintiff the principal amount of $77,835.00.

13. At the time of receipt of the Produce from Plaintiff by Defendants, Plaintiff became a beneficiary in a statutory trust designed to assure payment to Produce suppliers. The trust consists of all Produce or Produce-related assets, including all funds commingled with funds from other sources and all assets procured with such funds, in the possession or control of Defendants since the creation of the trust.

14. Plaintiff preserved its interests in the PACA trust in the principal amount of $77,835.00 by issuing invoices for the Transactions which contain the statutory language required by 7 U.S.C. § 499e(c)(4). Plaintiff remains a beneficiary of the PACA trust until full payment is made for the Produce.

15. On November 16, 2019, Defendant Baxter caused Kettlebell and its parent company to file for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of New York in an action styled as *In re High Quality Nutrition Company, LLC d/b/a Kettlebell Kitchen,* Case No. 19-13675-smb.

16. The failure and inability of Defendants to pay Plaintiff, along with Kettlebell's filing for Chapter 7 bankruptcy by Defendant Baxter, indicates that Defendants failed to maintain sufficient assets in the PACA trust to pay Plaintiff and dissipated trust assets.

//

//

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT BAXTER**
(Unlawful Dissipation of Trust Assets by a Corporate Official)

17.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18.     Defendant Baxter is and was an officer, director and/or equity holder who operated Kettlebell during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

19.     Defendant Baxter failed to direct Kettlebell to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the Produce it supplied.

20.     Prior to Kettlebell's bankruptcy filing, Baxter knew or should have known that Kettlebell was in breach of the PACA trust.

21.     Defendant Baxter's failure to direct Kettlebell to maintain PACA trust assets and pay Plaintiff for the Produce it supplied was an unlawful dissipation of trust assets by a corporate official.

22.     Defendant Baxter participated in Kettlebell's breach of the PACA trust.

23.     As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the PACA trust and has been denied payment for the Produce it supplied.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT GALLEGO**
(Unlawful Dissipation of Trust Assets by a Corporate Official)

24.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 23 above as if fully set forth herein.

- 4 -

25.    Defendant Gallego is and was an officer, director and/or equity holder who operated Kettlebell during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

26.    Defendant Gallego failed to direct Kettlebell to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the Produce it supplied.

27.    Prior to Kettlebell's bankruptcy filing, Gallego knew or should have known that Kettlebell was in breach of the PACA trust.

28.    Defendant Gallego's failure to direct Kettlebell to maintain PACA trust assets and pay Plaintiff for the Produce it supplied was an unlawful dissipation of trust assets by a corporate official.

29.    Defendant Gallego participated in Kettlebell's breach of the PACA trust.

30.    As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the PACA trust and has been denied payment for the Produce it supplied.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT MORGANSTERN
(Unlawful Dissipation of Trust Assets by a Corporate Official)

31.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

32.    Defendant Morganstern is and was an officer, director and/or equity holder who operated Kettlebell during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

33.    Defendant Morganstern failed to direct Kettlebell to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the Produce it supplied.

34.    Prior to Kettlebell's bankruptcy filing, Morganstern knew or should have known that

Kettlebell was in breach of the PACA trust.

35.     Defendant Morganstern's failure to direct Kettlebell to maintain PACA trust assets and pay Plaintiff for the Produce it supplied was an unlawful dissipation of trust assets by a corporate official.

36.     Defendant Morganstern participated in Kettlebell's breach of the PACA trust.

37.     As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the PACA trust and has been denied payment for the Produce it supplied.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT GROSSMAN
(Unlawful Dissipation of Trust Assets by a Corporate Official)

38.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 37 above as if fully set forth herein.

39.     Defendant Grossman is and was an officer, director and/or equity holder who operated Kettlebell during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

40.     Defendant Grossman failed to direct Kettlebell to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the Produce it supplied.

41.     Prior to Kettlebell's bankruptcy filing, Grossman knew or should have known that Kettlebell was in breach of the PACA trust.

42.     Defendant Grossman's failure to direct Kettlebell to maintain PACA trust assets and pay Plaintiff for the Produce it supplied was an unlawful dissipation of trust assets by a corporate official.

43.     Defendant Grossman participated in Kettlebell's breach of the PACA trust.

44.     As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of

its rights as a beneficiary in the PACA trust and has been denied payment for the Produce it supplied.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT BAXTER
(Unlawful Receipt and Retention of PACA Trust Assets)

45.      Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 44 above as if fully set forth herein.

46.      Prior to Kettlebell's bankruptcy filing, Baxter received transfers of funds and other consideration in 2019 from Kettlebell in an amount not less than $230,000.00.

47.      The funds received by Baxter from Kettlebell consisted of proceeds from the sale of produce.

48.      All transfers from Kettlebell received by Baxter were made in breach of the PACA trust.

49.      Upon information and belief, Baxter continues to hold any and all proceeds from the sale of produce having come into his possession as trustee for Plaintiff.

50.      As a direct and proximate result of Baxter retaining proceeds from the sale of produce without delivery to Plaintiff, Plaintiff has been damaged in an amount to be determined at trial in this matter but in no event less than the sum of $77,835.00.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT GALLEGO
(Unlawful Receipt and Retention of PACA Trust Assets)

51.      Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 50 above as if fully set forth herein.

52.      Prior to Kettlebell's bankruptcy filing, Gallego received transfers of funds and other consideration in 2019 from Kettlebell in an amount not less than $100,000.00.

53.     The funds received by Gallego from Kettlebell consisted of proceeds from the sale of produce.

54.     All transfers from Kettlebell received by Gallego were made in breach of the PACA trust.

55.     Upon information and belief, Gallego continues to hold any and all proceeds from the sale of produce having come into his possession as trustee for Plaintiff.

56.     As a direct and proximate result of Gallego retaining proceeds from the sale of produce without delivery to Plaintiff, Plaintiff has been damaged in an amount to be determined at trial in this matter but in no event less than the sum of $77,835.00.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Interest and Attorneys' Fees)

57.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 56 above as if fully set forth herein.

58.     PACA and Plaintiff's invoices entitle Plaintiff to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

59.     As a result of Defendants' continued failure to make full payment promptly in the amount of $77,835.00, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiff requests the following relief:

A.     On the first cause of action, judgment against Baxter in the amount of $77,835.00 under the trust provisions of PACA;

B.     On the second cause of action, judgment against Gallego in the amount of

$77,835.00 under the trust provisions of PACA;

      C.      On the third cause of action, judgment against Morganstern in the amount of $77,835.00 under the trust provisions of PACA;

      D.      On the fourth cause of action, judgment against Grossman in the amount of $77,835.00 under the trust provisions of PACA;

      E.      On the fifth cause of action, judgment in favor of Plaintiff and against defendant Baxter in an amount to be determined at trial, but in no event less than $77,835.00 under the trust provisions of PACA;

      F.      On the sixth cause of action, judgment in favor of Plaintiff and against defendant Gallego in an amount to be determined at trial, but in no event less than $77,835.00 under the trust provisions of PACA;

      G.      On the seventh cause of action, judgment against all Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees; and

      H.      Such other and further relief as the Court deems just and proper.

Dated: July 9, 2020               Respectfully submitted,
                               McCARRON & DIESS
                               Attorneys for Plaintiffs

                    By: /s/ Gregory A. Brown
                         Gregory A. Brown
                         576 Broadhollow Road, Suite 105
                         Melville, New York 11747
                         Phone:      (631) 425-8110
                         Fax:        (202) 364-2731
                         gbrown@mccarronlaw.com